UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| ICS INSURANCE CONSTRUCTION SERVICES, LLC, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:26-CV-0249-X |
| ACRISURE, LLC & SUSAN RUGGLES, | § § § § | |
| *Defendants.* | § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Acrisure, LLC (Acrisure) and Susan Ruggles's (Ruggles) motion to dismiss (Motion).  (Doc. 24).  For the reasons stated below, the Court **DENIES** the Motion.

### I.    Factual Background

Plaintiff ICS Insurance Construction Services, LLC (ICS) is a property restoration company that stores and repairs families' belongings after residential property damage.  ICS works through third-party administrators to receive referrals from insurers such as Allstate Insurance Company (Allstate).  Third-party administrators, such as Alacrity Solutions, Inc. (Alacrity), require their vendors to maintain specific insurance coverage.  At all relevant times, Ruggles was an employee and agent of Acrisure, the insurance broker that assisted ICS in obtaining insurance coverage.

1

In February 2024, ICS told Acrisure and Ruggles it wanted coverage that complied with Alacrity and Allstate's vendor requirements. Ruggles obtained quotes for an insurance policy for ICS with GuideOne Insurance (GuideOne) which stated that GuideOne would pay for loss or damage for which ICS was liable. Acrisure sent a copy of a Certificate of Insurance, Bailees Endorsement, and Binder to Alacrity to—which an Alacrity employee responded that the documents were "perfect." ICS subsequently purchased the GuideOne policy believing that the coverage was sufficient for vendor compliance with Alacrity and Allstate.

In May 2024, a tornado tore the roof off ICS's storage facility and damaged customers' property held in bailment. When ICS submitted an insurance claim, GuideOne denied the claim because the tornado was an act of God, not ICS's fault, and therefore not covered under ICS's policy. As a result of the uninsured loss, Alacrity and Allstate informed ICS that it no longer qualified to participate in the vendor network, causing ICS to suffer revenue losses.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[1] To survive a motion to dismiss, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[1] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2020) (per curium).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[4] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[5]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[6] That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[7]

### III.    Analysis

Acrisure and Ruggles move to dismiss on both counts, and the Court addresses each in turn.

### A.    Negligence/Negligent Misrepresentation

The Court holds that ICS plausibly alleged claims for negligence/negligent misrepresentation.

The elements of negligence are duty, breach, and damages.[8]    In Texas,

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[5] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

[6] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[7] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023).

[8] *Lee Lewis Constr., Inc.*, 70 S.W.3d 788, 782 (Tex. 2001).

insurance agents owe "a duty to a client to use reasonable diligence in attempting to place the requested insurance and to inform the client promptly if unable to do so."[9]

To state a negligent misrepresentation claim, a plaintiff must plead:

> (1) a representation made by a defendant in the course of its business or in a transaction in which it has a pecuniary interest; (2) the representation conveyed false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.[10]

ICS alleged that Acrisure and Ruggles breached their duty by failing to obtain the coverage ICS requested—namely coverage that complied with Alacrity and Allstate's requirements—or to inform ICS otherwise.

ICS alleged Ruggles stated she would obtain quotes that "include all necessary coverages and verbiage for Alacrity," and ICS relied on that representation.[11]  The GuideOne policy stated "[w]e will pay for direct physical loss of or damage to Covered Property . . . from any of the Covered Causes of Loss for which you are liable."[12] Despite an employee of Alacrity confirming that "[t]his [coverage] is perfect,"[13] the GuideOne policy that Acrisure and Ruggles procured ultimately failed to comply with Alacrity and Allstate's vendor requirements because, after ICS suffered an uninsured loss from a tornado, ICS was prohibited from participation in the vendor network.[14]

---

[9] *May v. United Servs. Ass'n of Am.*, 844 S.W.2d 666, 669 (Tex. 1992).

[10] *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653–54 (Tex. 2018).

[11] Doc. 20 ¶ 16–17 (emphasis excluded).

[12] *Id.* ¶ 20.

[13] *Id.* ¶ 18 (cleaned up).

[14] *Id.* ¶ 21, 23, 26.

Accepting these allegations as true, ICS plausibly alleged that Acrisure and Ruggles failed to exercise reasonable diligence in procuring the requested insurance and made representations regarding the adequacy of the policy on which ICS justifiably relied to its detriment. Accordingly, the Court holds that ICS sufficiently pled facts stating plausible claims for negligence/negligent misrepresentation.

## B.    Unfair and Deceptive Practices in the Business of Insurance

The Court holds that ICS plausibly alleged a claim for unfair and deceptive practices in the business of insurance.

Under the Texas Insurance Code § 541.061, the following are considered unfair and deceptive practices in the business of insurance:

> (1) making an untrue statement of material fact;
> (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;
> (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
> (4) making a material misstatement of law; or
> (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.[15]

First, Acrisure and Ruggles argued that ICS's claim for unfair and deceptive practices in the business of insurance fails to satisfy the heightened pleadings standards of Rule 9(b) of the Federal Rules of Civil Procedure.[16] Rule 9(b) "heightens the traditional Rule 12(b)(6) pleading standard when the allegations in question

---

[15] TEX. INS. CODE § 541.061.

[16] Doc. 26 at 2.

involve fraud."[17]   It requires that "a party must state with particularity the circumstances constituting fraud or mistake."[18]

Courts within this district have reached different conclusions regarding whether Rule 9(b) applies to various claims under the Texas Insurance Code. One court held that when the section of the Texas Insurance Code at issue "primarily concerns material misrepresentations, the Court considers it a fraud-based allegation and [plaintiff] must satisfy Rule 9(b)'s heightened pleading standard."[19]   Another court held that Rule 9(b) does not apply when the plaintiff does not allege intentional misrepresentations under section 541.061.[20]

The Court need not decide whether Rule 9(b) applies to ICS's claim because it concludes that ICS satisfies the heightened pleading standard regardless. Specifically, ICS identified the alleged misrepresentation, the speaker (Ruggles, on behalf of Acrisure), the substance of the representation, that the policy would "include all necessary coverages and verbiage for Alacrity," and alleged that the representation induced ICS to purchase the GuideOne policy.[21]   These allegations identify the alleged misrepresentation, the speaker, and the circumstances surrounding the representation with sufficient particularity to satisfy Rule 9(b), if applicable.

---

[17] *Jaramillo v. Liberty Mut. Ins. Co.*, No. 4:18-CV-00338-Y, 2019 WL 8223608, at *3 (N.D. Tex. Apr. 29, 2019) (Means, J).

[18] *Id.*

[19] *Id.*

[20] *Gospel Light Eritrean, Baptist Church v. Ohio Cas. Ins. Co.*, No. 3:23-CV-1971-N, 2024 WL 3555378, at *2 (N.D. Tex. July 25, 2024) (Godbey, C.J.).

[21] Doc. 20 ¶ 16–17 (emphasis excluded).

6

The Court further holds that these allegations are sufficient to state a claim under section 541.061. *Myers v. Allstate Texas Lloyd's* provides a helpful illustration.[22] In *Myers*, a plaintiff alleged that an insurance broker represented that he would obtain an insurance policy with $75,000 in coverage but failed to do so.[23] The alleged representations were not "a mere failure to disclose," but instead an "affirmative representation that the $75,000 in coverage was part of the Policy," which was "sufficient to state a claim under the Insurance Code."[24]

Although ICS did not allege Acrisure and Ruggles failed to obtain a specific amount of coverage, ICS alleged Acrisure and Ruggles represented they would obtain a policy that complied with Alacrity and Allstate's requirements.[25] Yet, the GuideOne policy failed to comply with the requested parameters.[26] Thus, like the allegations in *Myers*, ICS alleged an affirmative misrepresentation regarding the adequacy of the policy rather than merely an omission. For these reasons, the Court holds that ICS sufficiently pled facts that plausibly state a claim for unfair and deceptive practices in the business of insurance.

---

[22] No. 1:10-CV-172, 2011 WL 846083 (E.D. Tex. Mar. 8, 2011).

[23] *Myers*, 2011 WL 846083, at *13.

[24] *Id.* (cleaned up).

[25] Doc. 20 ¶ 16.

[26] *Id.* ¶ 26.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Acrisure and Ruggles's Motion.

**IT IS SO ORDERED** this 22nd day of July, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

8